UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF MISSISSIPPI

IN RE: JAMES A. LANCASTER FAMILY TRUST　　　　CASE NO. 10-10490

DEBTOR IN POSSESSION　　　　CHAPTER 11

## OPINION

On consideration before the court is a motion to dismiss the above captioned bankruptcy case which was filed by the Office of the United States Trustee for Region 5, ("UST"); a response to said motion having been filed by the debtor, James A. Lancaster Family Trust; and the court, having heard and considered same, hereby finds as follows, to-wit:

I.

The court has jurisdiction of the subject matter of and the parties to this proceeding pursuant to 28 U.S.C. §1334 and 28 U.S.C. §157. This is a core proceeding as defined in 28 U.S.C. §157(b)(2)(A) and (O).

II.

In its motion to dismiss, the UST asserted that the debtor, which is clearly denominated as "James A. Lancaster Family Trust," was ineligible for bankruptcy relief because the said debtor is a "family trust" and not a "business trust." The debtor acknowledged that it was indeed unfortunate that it was legally named a family trust, but stated affirmatively that it operates as a business trust and, therefore, is eligible to file for relief pursuant to Chapter 11 of the United States Bankruptcy Code.

III.

A determination of the debtor's eligibility begins with §109(b) and §109(d) of the Bankruptcy Code.[1] In summary, these two sections, when appropriately read together, provide that an entity which is considered as a "person" may be a debtor under Chapter 11. Section 101(41) states that the term "person" includes a corporation. The definition of "corporation," set forth in §101(9)(A)(v), includes a "business trust." As mentioned hereinabove, the single issue in this proceeding is whether the debtor is, in fact, a "business trust."

IV.

In an effort to resolve this dispute, the court will examine some of the cases cited by the parties in their respective memoranda. Although the facts of this proceeding do not coincide exactly with any of these decisions, the comments do provide appropriate guidance. The bankruptcy court in *In re Village Green Realty Trust*, 113 B.R. 105 (Bankr. D. Mass. 1990), provided the following insight:

> With the recent downturn in the real estate market in Massachusetts, the number of trusts filing bankruptcy has increased dramatically. Village Green Realty Trust is typical of a **number of single asset cases being filed by trusts.** In circumstances such as these, the Court is quickly confronted with a secured party's motion to dismiss on the ground that the trust is a nominee trust ineligible for bankruptcy relief, followed by the Debtor's seemingly invariable response that it conducts a business and is thus a business trust eligible for relief under the Code pursuant to 11 U.S.C. section 101(8)(A)(v).
> In a recent opinion, Judge Queenan sets forth in detail the statutory foundations for the arguments outlined above. *In re Medallion Realty Trust*, 103 B.R. 8 (Bankr. D. Mass. 1989). Since these foundations have been set forth in other opinions in this circuit as well, they need not be repeated in detail here. *See In re L & V Realty Trust*, 61 B.R. 423 (Bankr. D. Mass. 1986); *In re Gonic Realty Trust*, 50 B.R. 710 (Bankr. D. Mass. 1980); *In re Ponn Realty Trust*, 4 B.R. 226 (Bankr. D. Mass. 1980). Clearly, a business trust is eligible for relief since the Code provides only a person may be a debtor, 11 U.S.C.

---

[1] Hereinafter all cited Code sections will be considered as sections of the United States Bankruptcy Code unless specifically designated otherwise.

2

§109(a), and a person is defined in 11 U.S.C. §101(33) to include a corporation, which in turn is defined to include a business trust. 11 U.S.C. §101(8)(A)(v). However, the problem, as Judge Queenan noted, is the meaning of "business trust." Judge Queenan stated:

> The decisions are sharply, and perhaps hopelessly, divided on the meaning of "business trust." Some, following the pattern established under the prior Act, hold that it means a trust which is deemed a corporation for federal income tax purposes under the test enunciated in *Morrissey v. Commissioner*, 296 U.S. 344 359, 56 S.Ct. 289, 296, 80 L.Ed. 263 (1935), namely a trust having (i) business function, (ii) transferable certificates of beneficial interest, (iii) centralized management, (iv) continuity of life and (v) limited liability.... Others look to the trust's operations to determine whether they include substantial business activities, disregarding the terms of the creating document.

103 B.R. at 10 (citations omitted).

113 B.R. at 108-109.

In the case styled *In re Gonic Realty Trust*, 50 B.R. 710 (Bankr. D. N.H. 1985), the debtor, which owned a mill, filed a Chapter 11 bankruptcy petition contending that it was a business trust. The mill property was leased by the debtor trust which had the responsibility of maintaining the property. The court determined that the debtor was indeed a business trust, eligible for Chapter 11 bankruptcy relief, and offered the following comments:

> The decisions do uniformly rule that a trust must be found to be "conducting a business" of some kind in order to come within the statute. While the language in some of the opinions may be read as setting forth a definitive list of essential factors to constitute a business trust, I take the actual basis of decision in such cases to be the use of those factors to support the evidentiary conclusion that the trust in question was actually operating a business in the commonly accepted meaning of such activity.
> The more conceptualized approach in defining a business trust, i.e. "pigeon-holing" the trust into one or another category by the form of its organization, was appropriate prior to the 1978 Bankruptcy Code when the applicable statutory language under the previous statute referred to trusts "wherein beneficial interest or ownership is evidenced by certificate or other written instrument." Bankruptcy Act, §1(8). This was construed to mean transferable certificates (apart from the declaration of trust itself) held by a number of beneficiaries under the "Massachusetts trust" device. This device was a corporation in everything but form used to circumvent various local laws relating to corporations. See, e.g., *Associated Cemetery Management Inc. v. Barnes*, 268 F.2d 97 (8th Cir. 1959); *Cantor v. Wilbraham*, 609 F.2d 32 (1st Cir. 1979); *Pope & Cottle v. Fairbanks* 124 F.2d

132, 135 (1st Cir. 1941); *In re Independent Clearing House Co.*, 41 B.R. 985, 991 (Utah 1984). The 1978 Bankruptcy Code, in its §101(8) definition of "corporation," removed the reference to the structure of beneficial ownership and simply refers to a "business trust" as being included within the statutory definition. This has been taken to indicate that real estate trusts that do not confirm to the strict "Massachusetts trust" organizational form might now qualify as bankruptcy debtors. 2 Collier on Bankruptcy, 15 Ed., §101.08, p. 101-21 (1985); *In re Treasure Island Land Trust*, 2 B.R. 332, 334 (M.D. Fla. 1980) ("some kind of business or commercial activity for profit"). Some courts still refer to the lack of transferable certificates as a decisive factor in defining a business trust for bankruptcy purposes–without any mention or evaluation of the effect of the foregoing statutory change. See *In re Mosby*, 46 B.R. 175, 177 (E.D. Mo. 1985). My view is that Congress did intend and did accomplish a substantive change by beneficiaries is no longer a relevant factor for decision. *Cf. In re TruBlock Concrete Products, Inc.*, 27 B.R. 486, 488, (S.D. Cal. 1983):

> "The inclusion of the term trust in the definition of entity in Section 101(14) and its inclusion only when qualified as a business trust in the definition of corporation in Section 101(8) leads to the conclusion that it was the intention of Congress to eliminate from the protection of the Code mere devices which simply hold title to property, but include in its coverage, enterprises performing some functions of a business."

the court in *Tru Block* held that a liquidating trust could come within the new statutory definition. See also dicta in *In re Dreske Greenway Trust*, 14 B.R. 618 (E.D. Wisc. 1981). The expanded protection given under the new definition is consistent with the remedial nature of the bankruptcy laws.

50 B.R. 710 at 713.

The UST candidly cited the case of *In re Kenneth Allen Knight Trust*, 303 F.3d 671 (6th Cir. 2002). The Sixth Circuit in that decision articulated a two proposition standard: (1) "Trusts created with the primary purpose of transacting business or carrying on commercial activity for the benefit of investors qualify as business trusts. While trusts designed merely to preserve the trust res for beneficiaries generally are not business trusts;" and (2) "The determination is fact specific and it is imperative that bankruptcy courts make thorough and specific findings of fact." *Id.* 303 F.3d 671 at 681. These findings of fact would include the intention of the parties, as well as, how the trust was operated. The Sixth Circuit concluded that a trust created from its

4

inception to operate as a holding company for the trust beneficiary to conduct his various business enterprises was not a family trust, but a business trust eligible for bankruptcy relief.

In the case of *In re Star Trust*, 237 B.R. 827 (Bankr. MD. Fla. 1999), the court concluded that, in deciding whether a trust qualifies as a business trust, the focus should be on the trust documents and the totality of the circumstances.

In a fairly recent case, *In re Jooben*, 385 B.R. 599 (Bankr. E.D. Pa. 2008), the court listed four elements which were applicable to designating a business trust, eligible to seek bankruptcy relief, to-wit: (1) the trust was formed for the primary purpose of transacting business or commercial activity as opposed to preserving assets; (2) the trust was formed by a group of investors who contribute capital to the enterprise with the expectation of receiving a return on their investment; (3) the trust was created and is compliant with state law; and (4) the beneficial interests of the trust must be freely transferrable.

Having reviewed and considered the foregoing authorities, this court is of the opinion that the determination of whether an entity qualifies as a "business trust" relies on the purpose of the entity and the manner in which it is operated. This determination must be made on a "case by case basis" through an evidentiary hearing. This is the process that was undertaken in this particular proceeding.

V.

The trust settlor, Rita Lancaster Brownlee, testified that the trust, which was established on October 11, 2002, was basically a continuation of her father's real estate business. The trust owns five rental buildings in a single complex. Currently, three of the buildings are being leased, while the remaining two buildings are being refurbished so that they can be leased in the near

future. The trust maintains an active bank account at Regions Bank which is primarily utilized for the deposit of rental income and the concomitant payment of expenses relative to the maintenance, upkeep, and operation of the trust properties. The trust has filed tax returns on an annual basis since 2003. Until sometime in 2008, the trust employed an outside accountant to perform accounting work including the preparation of financial statements for the trust. This employment arrangement has now been terminated due to the illness of the accountant and the trust's shortage of operating capital.

The trust, in furtherance of its business activities, has borrowed substantial sums of money from Cadence Bank (see Debtor's Exhibit 5), as well as, from Dale Lancaster. (See Debtor's Exhibit 4.) The trust has executed transactional documents in connection with these loans which is typical of a business entity.

To show that its efforts are ongoing to solicit additional tenants, the trust introduced a bid package which was completed and submitted to the Mississippi State Tax Commission. (See Debtor's Exhibit 7.) Brownlee indicated that this was similar to other bid packages that have been submitted. Also introduced was a Form 1099 evidencing rental income being paid by General Services Administration. (See Debtor's Exhibit 8.)

In a bench comment, the court observed that it was unfortunate that the debtor had named itself a family trust. In this proceeding, like many others, there are "pluses" and "minuses" that affect the ultimate determination. However, having heard the proof, the court is convinced, after thoroughly considering the totality of all the circumstances, that this debtor is indeed a business trust, and is, consequently, eligible for relief as a Chapter 11 debtor-in-possession. A contrary determination would place form over substance.

Based on the foregoing, the court is of the opinion that the motion to dismiss filed by the United States Trustee is not well taken. A separate order, consistent with this opinion will be entered contemporaneously herewith.

This the 9th day of April, 2010.

DAVID W. HOUSTON, III
UNITED STATES BANKRUPTCY JUDGE